UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SaleBuild, Inc. et al.,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>Flexisales, Inc.,<br><br>　　　　Defendant. | Case No.: 2:12-cv-1403-JAD-GWF<br><br>**Order Granting Defendant Flexisales Inc.'s Motion to Dismiss [Doc. 34] on Forum Non Conveniens Grounds** |

　　　This is a trade-secrets case between an established enterprise and an upstart company that compete in the sales-lead-generation business. The established venture is comprised of two distinct businesses: Salebuild, Inc., a Delaware corporation with its principal place of business in California ("Salebuild California."), and Salebuild ITES, a company organized under the laws of the Republic of India ("Salebuild India"). Several of Salebuild India's former employees left the company and founded Flexisales Marketing, a corporation organized under the laws of the Republic of India ("Flexisales India"). They also formed a corporation in Nevada—Flexisales, Inc. Plaintiffs allege that Flexisales India then hired away some of Salebuild India's data handlers and used these new recruits to appropriate Salebuild's lead lists, which Flexisales then sold to its own customers, passing the lists off as Flexisales' own. Plaintiffs further allege that these former Salebuild India employees were under confidentiality agreements with Salebuild India, governed under Indian law, that forbade them from misappropriating the lists.

　　　Salebuild California and Salebuild India (collectively, "Salebuild") sued Flexisales

1  and Does 1-10 in the District of Nevada, alleging: wrongful misappropriation or use of trade
2  secrets in violation of NRS § 600A.010, intentional interference with existing business
3  relations, wrongful interference with prospective business advantage, wrongful interference
4  with contractual relations, and deceptive trade practices under NRS § 598.0915.  Salebuild
5  requests both legal and equitable relief.  Although Salebuild did not name Flexisales India as
6  a defendant, the Complaint is saturated with allegations of wrongdoing by Flexisales India.
7  *See, e.g.*, Doc. 1 at ¶¶ 6, 17, 19-21, 30-32, 34, 38-40, 43, 47-49, 52, 55-57, 59-60, 62, 64-66.
8  Salebuild also prays for relief from Flexisales India including disgorgement, an accounting,
9  damages, and injunctive relief.  Doc. 1 at 13.

10  Flexisales now moves to dismiss this case primarily[1] under the doctrine of forum non
11  conveniens.  Doc. 34.  The Court has thoroughly considered all of the parties' submissions
12  and the arguments advanced at the December 6, 2013, hearing on this motion.  Because this
13  lawsuit overwhelmingly belongs in India, the Court grants the motion to dismiss on forum
14  non conveniens grounds.

### Discussion

16  Under the doctrine of forum non conveniens, "[a] district court has discretion to
17  decline to exercise jurisdiction in a case where litigation in a foreign forum would be more
18  convenient for the parties."  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001);
19  *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422,
20  429-30 (2007).  Because application of the doctrine of forum non conveniens results in
21  dismissal, it is a "drastic exercise of the court's inherent powers."  *Carijano v. Occidental*
22  *Petroleum Corp.*, 643 F.3d 1216, 1225 (9th Cir. 2011) (internal quotation marks omitted).
23  "[T]he standard to be applied [to a motion to dismiss on forum non conveniens grounds] is
24  whether . . . defendants have made a clear showing of facts which . . . establish such

---

[1] Salebuild raises other arguments in support of dismissal: (1) that all claims should be dismissed because Salebuild failed to join all required parties under Rule 19; (2) Salebuild's wrongful interference with contractual relations count must be dismissed for lack of jurisdiction and improper venue; and (3) Salebuild's claims for intentional interference with existing business relations and deceptive trade practices must be dismissed for failure to state a claim.  As the Court is dismissing this action under the doctrine of forum non conveniens, it does not reach these alternative arguments.

oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent . . . ." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983). To obtain dismissal on forum non conveniens grounds, a defendant must demonstrate that an adequate alternative forum exists and that private and public interest factors favor trial there. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). The Ninth Circuit also requires the District Court to make a choice of law determination prior to dismissing the action. *Alpha Therapeutic Corp. v. Nippon Hoso Kyokai*, 199 F.3d 1078, 1090 (9th Cir. 1999). "At its core, the doctrine of forum non conveniens is concerned with fairness to the parties." *Gutierrez v. Advanced Medical Optics, Inc.*, 640 F.3d 1025, 1030 (9th Cir. 2011).

**A.     India Is an Adequate Alternative Forum**

The Court first determines whether Indian courts are capable of providing the plaintiff the remedy sought, which "ordinarily exists when defendants are amenable to service of process in the foreign forum" and "the entire case and all parties can come within the jurisdiction of that forum." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (quotation omitted). To be adequate, a forum need not provide the identical relief sought in the chosen forum but must be able to provide plaintiffs with "some remedy." *Lueck*, 236 F.3d at 1143; *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1092 (9th Cir. 1998) (finding that simply because plaintiff could not assert RICO cause of action under foreign law did not preclude forum non conveniens dismissal). That the alternative forum might result in a less favorable opportunity of recovery for the plaintiff is of no moment. *Carijano*, 643 F.3d at 1225.

If defendants are amenable to service of process, an alternative forum ordinarily exists. *Piper*, 454 U.S. at 254 n.22. "A defendant's agreement to submit to personal jurisdiction of the foreign country satisfies this requirement." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 4:315 (The Rutter Group 2004). There is no dispute that Flexisales India would be amenable to service of process in India, and Flexisales Nevada has stipulated to submit itself to jurisdiction of the

Indian courts. Doc. 34 at 5. The Court can and will condition this dismissal on Defendants' acquiescence to jurisdiction in India's courts. *Carijano*, 643 F.3d at 1234.

It also appears that the Indian courts would provide an adequate forum for the resolution of this dispute. Flexisales offered the declaration of its Indian attorney who attests that the law of India "recognizes causes of action for breach of contract and fraud" and has jurisdiction to impose "money damages and specific relief in the form of mandates or prohibitions." Doc. 36 at 2.[2] And when Salebuild India's own employment contracts—the contracts at issue in this case—contain Indian choice of law and jurisdictional provisions, *see, e.g.*, Doc. 14-4, ¶ 25.1; Doc. 14-7, ¶ 9, any argument by the Salebuild plaintiffs that India's law or courts are inadequate for the resolution of this dispute rings hypocritical. The Court finds that Salebuild India's home courts in India provide the Salebuild Plaintiffs with a sufficient remedy for the wrongs it alleges in this case.

**B.     Balance of Public- and Private-Interest Factors**

*1.     Private-Interest Factors*

Private-interest factors to consider include "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Lueck*, 236 F.3d at 1145 (quotation omitted). All of these factors strongly favor India as the convenient forum.

Salebuild's own allegations show that these claims are primarily between Salebuild India and Flexisales India and involve the acts of former employees of Salebuild India and current employees of Flexisales India using computer hardware located in India. Doc. 1. Two of Flexisales' three employees live in India (the other in Texas, not Nevada), Doc. 35;

---

[2] The Court may consider this declaration under Federal Rule of Civil Procedure 44.1, which broadly allows the court to consider "any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. Proc. 44.1.

Flexisales India is based in Pune, India, and has 35 employees, all of whom live and work in India. *Id.* The former Salebuild India employees who allegedly appropriated Salebuild India's lead lists live in India. *See* Doc. 1; *Gemini Capital Group*, 150 F.3d at 1093 (noting that the materiality and importance of witness testimony was a relevant factor to consider). And affidavits filed by Salebuild in this matter reflect that the key witnesses in this case—along with the corporate leadership for all of the companies—live in India. *See, e.g.*, Docs. 14, 15, 33, 35, and 43. Nobody even suggests that there will likely be a single witness or document located in Nevada. The Director and Chief Operating Officer of Salebuild India—an Indian resident—has declared that the employment records related to this lawsuit "are prepared and maintained by Salebuild India" and these records are "voluminous." Doc. 14, ¶¶ 3, 12. Thus, the vast majority of the pretrial activity in this case will involve collection of information from persons and sources located in India, making it the significantly more convenient forum for this litigation. *See Creative Technology, Ltd. v. Aztech System PTE, Ltd.*, 61 F.3d 696, 702-03 (9th Cir. 1995).

Salebuild retorts that some discovery will have to occur in the United States because key emails were sent using Yahoo! and Google services, but it concedes that none of those witnesses would be located in Nevada. It also notes that some of its customers who Flexisales attempted to sell Salebuild lead lists to are located in the United States, but not one of them is located in Nevada. Doc. 50-1.

Salebuild also contends that its decision to sue Flexisales in its state of incorporation is strong evidence that this forum is appropriate and, as the plaintiff, its forum selection deserves deference. But a plaintiff's choice of forum deserves less deference when the plaintiffs are foreign, as they are in this case. *See Piper*, 454 U.S. at 265-66 (noting that the strong presumption in favor of the plaintiff's choice of forum is muted when "the plaintiff or real parties in interest are foreign."). With no party representatives, witnesses, or relevant documents in Nevada, if this case remains in this district, every person and every evidentiary item will have to travel in from another state or another country in order to try this case here. Dismissal of this case that arose primarily between two Indian entities in India to let them

resolve this dispute in India serves the goals of economy, efficiency, and fairness and furthers the convenience of all parties and witnesses.

### *2.      Public-Interest Factors*

Public interest factors to be considered are "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181 (9th Cir. 2006). These factors also weigh strongly in favor of dismissal for forum non conveniens.

### *a.      Local interest*

The local interest in this lawsuit is low if not entirely non-existent. Although Nevada has an interest in regulating companies that choose to do business in this state, the facts of the suit as alleged by the Plaintiffs turn on activities and business that took place in India, not within the borders of Nevada. And although "Nevada has a recognized interest in providing an effective means of redress for its residents," *Levinson v. Second Judicial Dist. Court of State In & For Washoe Cnty.*, 742 P.2d 1024, 1026 (Nev. 1987), the Nevada resident here—defendant Flexisales— has agreed to consent to the jurisdiction of the Indian courts so that this matter can be litigated in India. Nevada has no particular interest in resolving this dispute locally, so this factor weighs in favor of dismissal.

### *b.      The Court's familiarity with the governing law and the choice-of-law analysis*

The prevalence of Indian legal issues in this case also strongly favors dismissal. This Court must apply Nevada's choice-of-law rules. *Klaxon Co. v. Stentor Elect. Manufacturing Co.*, 313 U.S. 487, 494-96 (1941). For tort actions, Nevada courts follow the "most significant relationship test" in Restatement (Second) of Conflict of Laws section 145, unless a more specific section of the Second Restatement applies. *General Motors Corp. v. Eighth Judicial Dist. Court of the State of Nev. ex rel. County of Clark*, 134 P.3d 111, 113 (Nev.

2006).[3]  Under Section 145, "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties."  Restatement (Second) of Conflicts of Laws section 145.  This test centers on the "contacts" between the parties, including (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered.  *Id.*  The test sets these contacts against general "principles" enumerated in Section 6 of the Second Restatement, which include (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability and uniformity of result; and (7) ease in the determination and application of the law to be applied.  *Id.*  Of these principles, several are of heightened importance for tort suits, "particularly the state with the dominant interest in the determination of the particular issue, and ease in the determination and application of the law to be applied."  *Id.* at Comment (b).

       The "dominant interest" and "ease of determination" factors require the Court to apply Indian law.  Plaintiffs allege that "employees of . . . SaleBuild India" executed "and delivered to it employment agreements . . . that prohibit them from" misappropriating trade secrets and proprietary information from Salebuild "that they learned or acquired as an incident of their employment for Salebuild India."  Doc. 1 at 5.  The alleged theft of Salebuild's intellectual property occurred in India, by Salebuild India's data handlers who allegedly appropriated the lead lists from Salebuild India's computer servers and gave them to Flexisales India.  In so doing, each Indian employee allegedly violated a confidentiality agreement with Salebuild

---

[3] No more specific section of the Restatement applies to any of these claims.

India—agreements expressly governed by Indian law.[4]  Indeed, the only actionable facts that allegedly occurred outside of India are two alleged sales of its two lead lists that Salebuild itself represents occurred in California and New York.  Salebuild's voluminous filings never claim that any lead lists were sold in Nevada; the parties acknowledge that the only thing Flexisales did in Nevada was incorporate here.  And although Salebuild selectively chose not to sue Flexisales India, which would create a suit between two Indian companies, a California Company, and a Nevada company, the real parties in interest undoubtedly include Flexisales India, which tips the balance of this factor in favor of applying Indian law.[5]

Consideration of the other factors, all of diminished importance here, does not alter this result.  And specific consideration of each of Salebuild's five causes of action also yields the conclusion that Indian law should apply to this case.  Count 1 of the complaint alleges that Flexisales conspired with Flexisales India to wrongfully deprive Salebuild of its India-generated intellectual property, by recruiting Salebuild's former Indian employees.  Doc. 1 at 6-8.  Indian law should apply to this cause of action.  Counts 2 and 3 allege that Defendants' use of Salebuild's intellectual property is designed to disrupt Salebuild's contractual relationship with third party customers none of which are in Nevada.  *Id.* at 8-10. Regardless, the intellectual property at issue was allegedly obtained in India, by Indian employees of Salebuild India with employment agreements governed by Indian law, all of which suggests that Indian law applies.  Count 4 alleges a wrongful interference with Salebuild's contracts with its former employees, which are expressly governed by Indian law.  *Id.* at 11-12.  Indian

---

[4] *See* Doc. 14-4 at 12, ¶ 25.1 ("GOVERNING LAW & JURISDICTION.  This Agreement shall be governed by and construed in accordance with the laws of India and the courts of Pune shall have the jurisdiction, to the exclusion of any other Courts that may have jurisdiction, to decide any disputes that may arise hereunder."); 14-7 at 7 ("This Agreement shall be governed by and construed in accordance with the laws of the State of India without regard to conflict of law rules").

[5] Salebuild's allegations against Flexisales Nevada are inextricably intertwined with those against Flexisales India.  Salebuild's Complaint alleges that "Defendant *and* Flexisales India" collaborated in the misappropriation of Salebuild's proprietary information.  Salebuild does not contest that this information came to Flexisales through Salebuild's Indian employees.  Moreover, the Complaint suggests that Flexisales India is intimately involved in the actions giving rise to this suit.  For example, Salebuild alleges that "Upon information and belief, at all times relevant to this action, Flexisales India is and has been an agent of and/or in active concert or participation with Defendant."  Doc. 1 at 2.  Salebuild then distinguishes between claims brought against "all defendants," and those brought against "Flexisales and Does 1-10."  *See* Doc. 1.

law plainly applies to this cause of action. Count 5 alleges that Defendants engaged in deceptive trade practices by representing to their clients that the lead lists they have generated are original, and not stolen. *Id.* at 12-13. Although it is not clear exactly where Flexisales' activity occurred, but even Salebuild concedes that it was not likely Nevada. Regardless, the *res* involved in this alleged "deception" comes from an Indian source, and Indian law governs this cause of action.[6] There is no question that Indian Courts are better equipped to apply Indian law than this Court. This Court's lack of familiarity with Indian law militates strongly in favor of dismissal. *See Tuazon*, 433 F.3d at 1182 (noting that application of foreign law "would be a burden and would support dismissal").

        *c.     Burden on the courts, congestion, and the costs of resolving the dispute unrelated to a particular forum*

The remaining public-interest factors all support dismissal. When the burden on this court system is considered, dismissal of this case in favor of the Indian forum is appropriate. It is no secret that the docket in this district is overcrowded.[7] Although Salebuild suggests that Indian trade-dispute cases can also take a substantial amount of time to resolve—from 5 to 10 years—it is not certain that the Salebuild-Flexisales dispute could be resolved in this Court with any greater speed. *See Creative Technology*, 61 F.3d at 704 (no abuse of discretion in finding judicial burden neutral where the courts of both the U.S. District Court for the Northern District of California and the courts of Singapore were "overburdened"). Finally, there is no evidence that the costs of resolving the suit in India weigh for or against

---

[6] Although none of Salebuild's claims sound in contract, to the degree the Court would be obligated to apply contractual principles to the instant dispute, it would be obligated to apply Indian law. For contract actions, where the parties have not effectively chosen a forum, Nevada courts have looked to the Restatement (Second) of Conflicts of Law section 188. *Sotirakis v. United Service Automobile Ass'n*, 787 P.2d 788, 790 (Nev. 1990). Thereunder the Court looks to (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* (citation omitted). Regardless whether the forum selection clauses of the employment contracts between Flexisales and its employees mandated that any suit based on the contract be brought in Indian courts, the laws of India would apply to this dispute as all five of the factors suggest that Indian law should apply.

[7] *See Zizi v. Republic Mortgage, LLC*, 2013 WL 1249654 (D. Nev. Mar. 27, 2013) (describing this District's "already overcrowded docket"). Indeed, this motion to dismiss has been pending for more than a year.

keeping it here in a forum that is a complete stranger to the facts, documents, and witnesses central to this dispute. On balance, all of these public-interest factors weigh in favor of forum non conveniens dismissal. However, as a condition of dismissal of this suit, Flexisales shall cooperate in good faith in all pretrial and trial aspects of the subsequent Indian litigation, if Salebuild elects to file a suit against Flexisales there.

## Conclusion

Flexisales has made the "clear showing of facts" that justifies application of the forum non conveniens doctrine to dismiss this case. *Cheng*, 708 F.2d at 1410; *Lueck*, 236 F.3d at 1142. India is an not just an adequate forum but a far more appropriate one for the parties, facts, and circumstances of this case, and the private and public interest factors strongly favor litigating this case there. Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay, it is **HEREBY ORDERED** that Flexisales' Motion to Dismiss **[Doc. 34] is GRANTED**. All of Salebuild's claims are hereby dismissed.

Although this case is now dismissed, it is **FURTHER ORDERED** that this Court will retain jurisdiction over this matter until such time as the courts of the Republic of India formally accept jurisdiction over the matter and the Flexisales entities submit to the jurisdiction of the Indian courts. Flexisales shall file with this Court notice that the Indian Courts have accepted jurisdiction over the matter no later than 30 days after any such acceptance by the Courts of the Republic of India. As a further condition of dismissal of this suit, Flexisales, Inc. shall cooperate in good faith in all pretrial and trial aspects of the subsequent Indian litigation if Salebuild elects to refile suit in India.

DATED: December 17, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE