1   HOLLAND & HART LLP
    ROBERT J. CASSITY (NV Bar No. 9779)
2   (bcassity@hollandhart.com)
    9555 Hillwood Drive, 2nd Floor
3   Las Vegas, NV 89134
    Telephone:    (702) 669-4600
4   Facsimile:    (702) 669-4650

5   WILSON SONSINI GOODRICH & ROSATI
    DYLAN J. LIDDIARD (CA Bar No. 203055), admitted *pro hac vice*
6   (dliddiard@wsgr.com)
    ANTHONY J WEIBELL (CA Bar No. 238850), admitted *pro hac vice*
7   (aweibell@wsgr.com)
    650 Page Mill Road
8   Palo Alto, CA 94304
    Telephone:    (650) 493-9300
9   Facsimile:    (650) 565-5100

10  *Attorneys for Plaintiffs*

11                      **UNITED STATES DISTRICT COURT**

12                          **DISTRICT OF NEVADA**

13

14  SALEBUILD, INC., d/b/a SALESIFY;          Case No. 2:12-cv-1403-JAD-GWF
    SALEBUILD IT ENABLED SERVICES
15  PVT. LTD.,                                **STIPULATED PROTECTIVE ORDER
                                              FOR THE TREATMENT OF**
16            Plaintiffs,                     **CONFIDENTIAL INFORMATION**

17        v.

18  FLEXISALES, INC.,

19            Defendant.

20

21

22

23

24

25

26

27

28

To expedite the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential discovery material in preparation for and in the conduct of this litigation, pursuant to Fed. R. Civ. P. 26(c), the parties stipulate to the following Protective Order:

## I.      INFORMATION SUBJECT TO THIS ORDER

### A.      Protected Information Generally

1.      All documents, electronically stored information, tangible things, physical objects, written discovery responses, testimony, or other information produced by the producing party in this litigation is considered "Discovery Material." This Order applies not only to Discovery Material produced in this litigation, but also to any information copied or extracted therefrom or otherwise reflecting Protected Information, in any form. Any Discovery Material containing or including confidential information may be designated as such by the producing party by marking it "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL - SOURCE CODE", and shall be treated in accordance with the terms of this Order.  Each of the identified categories of confidential Discovery Material shall be identified collectively in this Order as "Protected Information."

2.      All Protected Information not reduced to documentary, electronic, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph I.A.1 or pursuant to another confidentiality designation set forth in this Order, shall be designated by the producing party by informing the receiving party of the designation in writing.

3.      Any Discovery Material made available for inspection shall initially be considered, as a whole, to constitute the highest designation of Protected Information (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the Discovery Material in accordance with this Order.

4.      Any Protected Information that is obtained by any party from any person pursuant

to discovery in this litigation shall be used solely for purposes of this litigation.

5.      Nothing in this Order shall limit any producing party's use or disclosure of its own Protected Information.

6.      The following Discovery Material is not Protected Information:

a.      Any Discovery Material that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

b.      Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure; and,

c.      Any Discovery Material that the receiving party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the producing party.

**B.      Protected Information Designated CONFIDENTIAL**

1.      For purposes of this Order, Protected Information designated CONFIDENTIAL shall mean all Discovery Material produced for or disclosed in connection with this action to a receiving party that a producing party considers to comprise confidential or commercially sensitive technical, sales, marketing, personal, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential.

2.      Protected Information designated CONFIDENTIAL and the contents therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel, to whom it is reasonably necessary to disclose the information;

b.      Up to two in-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing, and who have

first been given a copy of this Order;

c.     Technical Advisors and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section V herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A.  The term "Technical Advisor" shall mean independent outside technical expert witnesses, consulting experts, or technical consultants (none of whom are employees) retained by counsel of record for the parties, who are deemed reasonably necessary to assist such counsel in connection with this litigation;

d.     Independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist counsel in connection with this litigation, provided that such persons or entities have first been given a copy of this Order and either have executed the Confidentiality Agreement attached hereto as Attachment A and a signed copy has been provided to the producing party or are contractually bound to adhere to the terms of this Order, including but not limited to:  (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design service providers retained to prepare demonstrative or other exhibits for deposition, trial, or other court proceedings in the litigation; (iv) non-technical jury or trial consulting service providers, not including mock jurors; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators; and

e.     The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors.

**C.    Protected Information Designated HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY**

1.    For purposes of this Order, Protected Information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall mean Protected Information that contains extremely sensitive information.    Protected Information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY includes, but is not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and, (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2.    Protected Information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY and the contents therein shall be available only to:

a.    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel, to whom it is reasonably necessary to disclose the information;

b.    Technical Advisors and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section IV herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A; and

c.    The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors.

3.    In determining whether Protected Information should be designated as HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

### D.    Protected Information Designated RESTRICTED CONFIDENTIAL - SOURCE CODE

1.    The RESTRICTED CONFIDENTIAL - SOURCE CODE designation is reserved for Protected Information that contains or substantively relates to a producing party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code or technical design documentation.  The following conditions shall govern the production, review and use of source code or design documentation information.

2.    All such Source Code, and any other Protected Information designated as RESTRICTED CONFIDENTIAL —SOURCE CODE, shall be subject to the following provisions:

a.    Source Code, to the extent any producing party agrees to provide any such information, shall ONLY be made available for inspection, shall not be produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party:  (1) the offices of the producing party's primary outside counsel of record in this action; (2) the offices of the producing party; (3) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (4) a location mutually agreed upon by the receiving and producing parties. Any location under (1), (2), (3) or (4) above shall be in the continental United States. Source Code will be loaded on a single, non-networked computer that has disk encryption and is password protected and maintained in a secure, locked area. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code.  All persons entering the locked room

containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.  The computer containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection.

b.      The receiving party's outside counsel and/or Technical Advisors may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer. The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least four business days in advance of the inspection.

c.      The receiving party's outside counsel and/or Technical Advisors shall be entitled to take notes relating to the Source Code, but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

d.      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except that the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action.  In no event may the receiving party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of Source Code during the duration of the case without prior written approval by the producing party.  Within 5 business days or such additional time as necessary due to volume requested, the producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the producing party in this action.  At the receiving party's request, up to two additional

sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion.

e. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the producing party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print-outs need not be produced to the requesting party until the matter is resolved by the Court.

f. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as RESTRICTED CONFIDENTIAL - SOURCE CODE may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

g. Any paper copies designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be stored or viewed only at: (i) the offices of outside counsel for the receiving party, (ii) the offices of outside Technical Advisors who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

h. A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the

Source Code viewing room, and to a copy of the log.

i.      Unless otherwise agreed to in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or Technical Advisors shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

j.      Only the following individuals shall have access to RESTRICTED CONFIDENTIAL - SOURCE CODE materials, absent the express written consent of the producing party or further court order:

1.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel, to whom it is reasonably necessary to disclose the information;

2.      Up to three (3) Technical Advisors per party, in accordance with section V;

3.      The Court, its technical advisor (if one is appointed), its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors. Professional stenographic reporters shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

4.      While testifying at deposition or trial in this action only:  (i) any current officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection

with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or it is reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

k.      The receiving party's outside litigation counsel shall maintain a log of all copies of the Source Code (received from a producing party) that are delivered by the receiving party to any qualified person under paragraph j above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

l.      Except as provided in this paragraph, the receiving party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The receiving party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving party may create an electronic image as provided herein of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code

under the provisions of this Protective Order.  The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its Technical Advisors, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

m. To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

n. All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use, and in all circumstances at the conclusion of litigation as described in section X.C.

## II. USE OF PROTECTED INFORMATION AT HEARING OR TRIAL

In the event that a party intends to use any Protected Information during any hearing or trial, that party shall provide a minimum of two (2) business days' notice to the producing party. Subject to challenges under section VI, the parties will not oppose any reasonable request by the producing party that courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Information.

## III. PROSECUTION BAR

A. Any person reviewing any party's Protected Information (all of which also shall be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below).

B. Prosecution Activity shall mean any activity related to competitive business decisions involving: (i) the preparation or prosecution (for any person or entity) of patents or patent applications relating to the technology at issue; or (ii) advising or counseling clients

regarding the same, including but not limited to, providing any advice or counseling regarding, or participating in, the drafting or amending of claims for or in any patent, patent application, reissue application, reexamination, inter partes review, post grant review, covered business method review, or any other proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government).  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

## IV.    ACQUISITION BAR

A.    Any person reviewing any of an opposing party's Protected Information shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Acquisition Activity (as defined below) on behalf of a party asserting a patent in this case.

B.    Acquisition Activity shall mean any activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to the technology at issue; or (ii) advising or counseling clients regarding the same.

## V.    TECHNICAL ADVISORS

### A.    Purpose

Protected Information designated by the producing party and such copies of Protected Information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the receiving party's Technical Advisors and their necessary support personnel, who are based in the United States.

### B.    No Disclosure Without Protective Order Subscription

No disclosure of Protected Information to a Technical Advisor or their necessary support personnel shall occur unless the person is located in the United States, agrees not to transmit the

information outside of the United States and until that person has signed the Confidentiality Agreement attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under section V.D, that objection is resolved according to the procedures set forth below.

### C. Prior Notice of Intent to Disclose Protected Information to a Technical Advisor

A party desiring to disclose Protected Information to a Technical Advisor also shall give prior written notice of the intended disclosure by email to all counsel of record in the litigation and the producing party shall have ten (10) business days after such notice is given to object in writing to the disclosure. The party desiring to disclose Protected Information to a Technical Advisor must provide the following information for each Technical Advisor: name, address, curriculum vitae, current employer, employment history for the past ten (10) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years, and an identification of any patents or patent applications in which the Technical Advisor is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest]. No Protected Information shall be disclosed to such Technical Advisor(s) until after the expiration of the foregoing notice period and resolution of any objection.

### D. Objections to Technical Advisors

A party objecting to disclosure of Protected Information to a Technical Advisor shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of Protected Information to a Technical Advisor shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the Technical Advisor will result in specific business or economic harm to that party.

### E. Resolution of Objections to Technical Advisors

If after consideration of the objection, the party desiring to disclose the Protected Information to a Technical Advisor refuses to withdraw the Technical Advisor, that party shall

provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) business day period, absent an agreement of the parties to the contrary or for an extension of such ten (10) business day period, shall operate as an approval of disclosure of the Protected Information to the Technical Advisor. The parties agree to cooperate in good faith to shorten the timeframes set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

### F.      Burden for Objections to Technical Advisors

1.      The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the Technical Advisor.  For purposes of this paragraph, "good cause" includes, but is not limited to, a particularized showing that:  (i) the Protected Information is confidential commercial information, (ii) disclosure of the Protected Information is likely to harm the objecting party's business, (iii) the challenged Technical Advisor currently has, previously had, or is reasonably likely in the future to develop, a relationship with a competitor of the producing party that would create a reasonable risk of disclosure, whether intentional or not, of the Protected Information or any part of it to that competitor, or (iv) the Technical Advisor's access to the Protected Information may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the Technical Advisor.

2.      A party who has not previously objected to disclosure of Protected Information to a Technical Advisor or whose objection has been resolved with respect to previously produced Protected Information shall not be precluded from raising an objection to a Technical Advisor at a later time with respect to Protected Information that is produced after the time for objecting to such a Technical Advisor has expired.  Any such objection shall be handled in accordance with the provisions set forth above.

### VI.      CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

### A.      Use of Reasonable Care and No Waiver

The parties shall use reasonable care when designating Protected Information.  Nothing in

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:12-cv-1403-JAD-GWF

this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or any information contained therein.

### B. Objections to Confidentiality Designations

A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects to the designation of Protected Information, such a challenge shall be in writing, shall be served on counsel for the producing party, and shall particularly identify the Protected Information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of Protected Information shall at all times be and remain on the designating party.

### C. Treatment of Protected Information During Challenge to a Designation

Unless otherwise resolved by agreement between the parties, until a determination by the Court, the Protected Information at issue shall be treated as having been properly designated and subject to the terms of this Order.

### VII. LIMITATIONS ON THE USE OF PROTECTED INFORMATION

### A. Restrictions on Use of Protected Information

All Protected Information shall be held in confidence by each person to whom it is disclosed, and such Protected Information (including the existence of such Protected Information) and the knowledge of the existence of such Protected Information shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), and shall not be disclosed to

1   any person who is not entitled to receive such Protected Information as herein provided.   All

2   produced Protected Information shall be carefully maintained so as to preclude access by persons

3   who are not entitled to receive such Protected Information.

4           **B.      Examinations and Court Filings Concerning Protected Information**

5           Except as may be otherwise ordered by the Court, any person may be examined as a

6   witness at depositions and trial and may testify concerning all Protected Information of which

7   such person has prior personal knowledge.   Without in any way limiting the generality of the

8   foregoing:

9           1.      A present director, officer, and/or employee of a producing party may be examined

10  and may testify concerning all Protected Information which has been produced by that party;

11          2.      A former director, officer, agent and/or employee of a producing party may be

12  interviewed, examined and may testify concerning all Protected Information of which he or she

13  has personal knowledge, including any Protected Information that refers to matters of which the

14  witness has personal knowledge, which has been produced by that party and which pertains to the

15  period or periods of his or her employment; and

16          3.      Non-parties may be examined or testify concerning any Protected Information of a

17  producing party, which appears on its face or from other documents or testimony to have been

18  received from or communicated to the non-party as a result of any contact or relationship with the

19  producing party or a representative of the producing party.   Any person other than the witness, his

20  or her attorney(s), or any person qualified to receive Protected Information under this Order shall

21  be excluded from the portion of the examination concerning such Protected Information, unless

22  the producing party consents to persons other than qualified recipients being present at the

23  examination.  If the witness is represented by an attorney who is not qualified under this Order to

24  receive such Protected Information, then prior to the examination, the attorney must provide a

25  signed agreement, in the form of Attachment A hereto, that he or she will comply with the terms

26  of this Order and maintain the confidentiality of Protected Information disclosed during the

27  course of the examination.  In the event that such attorney declines to sign such a statement prior

28  to the examination, the parties, by their attorneys, shall jointly seek a protective order from the

Court prohibiting the attorney from disclosing Protected Information.

4.    Every fact witness shall be informed at the start of a deposition that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation.  Every fact witness shall be shown a copy of this Order.  No fact witness may retain any material designated as Protected Information.

5.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings unless the Court orders otherwise.  To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any party preparing a filing with the Court that may contain Protected Information may identify to the producing party or non-party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information.  Upon receipt of such a request to waive confidentiality protections, the producing party or non-party shall respond in good faith within two (2) business days.

6.    Outside litigation attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released, except by order of the Court, to outside litigation counsel of record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as RESTRICTED CONFIDENTIAL - SOURCE CODE, the provisions of section I(D) are controlling to the extent those provisions differ from this paragraph.

7.    Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall,

however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation, and such working copies, abstracts, digests and analyses also shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

8.     Testimony given at deposition may be designated as Protected Information by outside litigation counsel of record by making a statement orally to that effect on the record at any time during the deposition.  Within fifteen (15) business days of receipt of the final certified transcript of any deposition, the producing party may request that the original and all copies of the deposition transcript, in whole or in part, be marked with an appropriate confidentiality designation.  Confidentiality designations shall be made by notifying all parties in writing of the specific pages and lines of the transcript that should be treated as Protected Information. Deposition transcripts shall be treated by default as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation unless otherwise agreed to by the parties.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Objections to confidentiality designations under this paragraph shall be governed by the procedure set forth in section VI above.

## C.     Export Control

Each party receiving Protected Information shall comply with all applicable export control statutes and regulations.  See, e.g., 15 CFR 734.2(b).  No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.

Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

### D.   Unauthorized Disclosure of Protected Information

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately:  (i) notify in writing the producing party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the Confidentiality Agreement attached hereto as Attachment A.  Compliance with this paragraph upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph E below.

### E.   Violations

If any party violates the limitations on the use of Protected Information as described above, the party violating this Order shall be subject to sanctions as ordered by the Court. In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

### VIII.   NON-PARTY USE OF THIS PROTECTIVE ORDER

### A.   Purpose

A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Protective Order.

### B.    Non-Party Access

A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

### IX.    NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product privilege, the common interest privilege, or any other privilege, doctrine, right, or immunity.  Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure.   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

### X.    MISCELLANEOUS PROVISIONS

### A.    Waiver

Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

### B.    Inadvertent or Unintentional Production of Protected Information

Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery

notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

### C.    Testifying Experts

Testifying experts shall not be subject to discovery of any draft of their reports in this case, and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the testifying expert's compensation or identify facts, data or assumptions relied upon by the testifying expert in forming any opinions in this litigation and such information is not already disclosed in the testifying expert's report.

### D.    Conclusion of Litigation

Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, email, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order.

In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.

Notwithstanding this provision, outside litigation counsel of record are not required to delete Protected Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside litigation counsel of record shall be entitled to maintain an electronic copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses, deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product, which refers or is related to any Protected Information for archival purposes only.

If the producing party requests that Protected Information be destroyed, the receiving party must provide a certificate of destruction to the producing party.

### E.    Subpoenas

If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

### F.    Post-Filing Communications

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their

1   respective privilege document logs at a time to be agreed upon by the parties following the

2   production of documents.

3               **G.      Modification of Protections**

4        This Order is entered without prejudice to the right of any party, either by agreement with

5   other parties to this action, or by applying to the Court if agreement cannot be reached among

6   parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when

7   convenience or necessity requires.   Furthermore, without application to the Court, any party that

8   is a beneficiary of the protections of this Order may enter a written agreement releasing any other

9   party hereto from one or more requirements of this Order even if the conduct subject to the

10  release would otherwise violate the terms herein.

11              **H.      No Agreement Concerning Discoverability**

12       The identification or agreed upon treatment of certain types of Discovery Material does

13  not reflect agreement by the parties that the disclosure of such categories of Discovery Material is

14  required or appropriate in this action.   The parties reserve the right to argue that any particular

15  category of Discovery Material should not be produced.

16              **I.      No Limitation on Legal Representation**

17       Nothing in this Protective Order shall preclude or impede outside litigation counsel of

18  record's ability to communicate with or advise their client in connection with this litigation based

19  on such counsel's review and evaluation of Protected Information, provided however, that such

20  communications or advice shall not disclose or reveal the substance or content of any Protected

21  Information other than as permitted under this Protective Order.

22              **J.      Agreement Upon Execution**

23       Each of the parties agrees to be bound by the terms of this Protective Order as of the date

24  counsel for such party executes this Protective Order, even if prior to entry of this order by the

25  Court.

26              **K.      Interpretation, Enforcement and Continuing Jurisdiction**

27       The United States District Court for the District of Nevada is responsible for the

28  interpretation and enforcement of this Protective Order.   After termination of this litigation, the

1   provisions of this Protective Order shall continue to be binding except with respect to that

2   Discovery Material that become a matter of public record.  This Court retains and shall have

3   continuing jurisdiction over the parties and recipients of the Protected Information for

4   enforcement of the provision of this Protective Order following termination of this litigation.  All

5   disputes concerning Protected Information produced under the protection of this Protective Order

6   shall be resolved by the United States District Court for the District of Nevada.

7          IT IS SO STIPULATED.

8   DATED: April 25, 2016                                    DATED: April 25, 2016

9

10

11  _/s/ Robert J. Cassity_____          _/s/ Mark R. Smith_____
    Robert J. Cassity                                          Mark R. Smith
12  Holland & Hart Llp                                       Law Offices of Mark R. Smith, P.C.
    9555 Hillwood Drive, 2nd Floor                   8565 S. Eastern Avenue, Suite 150
    Las Vegas, NV 89134                                  Las Vegas, NV 89123
13
    Dylan J. Liddiard                                        *Attorney for Defendant*
14  Anthony J Weibell
    Wilson Sonsini Goodrich & Rosati
15  650 Page Mill Road
    Palo Alto, CA 94304
16
    *Attorneys for Plaintiffs*
17

18

19                                                       IT IS SO ORDERED:

20

21                                                       _____
                                                         GEORGE FOLEY JR.
22                                                       United States Magistrate Judge

23                                                       Dated:  May 4, 2016

24

25

26

27

28

                                                 23                 **STIPULATED PROTECTIVE ORDER**
                                                                    **CASE NO.: 2:12-cv-1403-JAD-GWF**

**ATTACHMENT A**

**CONFIDENTIALITY AGREEMENT**

My name is _____.

I reside at _____.

My present employer is _____.

My present occupation or job description is _____.

I have been engaged as _____

on behalf of _____ in the preparation and conduct of litigation styled *Salebuild, Inc., et al. v. Flexisales, Inc.*, Case No. 2:12-cv-1403-JAD-GWF.

I have received a copy of, read, and understand the Agreed Protective Order for the Treatment of Confidential Information. I agree to comply with and be bound by all its provisions. I will retain all copies of any documents designated as Protected Information, or any similar designation, in a secure manner and in accordance with the terms of said Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information containing any Protected Information are to be returned to counsel who provided me with such material.

I will not divulge Protected Information to persons other than those specifically authorized by said Order, I will not transmit or take Protected Information outside of the U.S., and I will not copy or use, except solely for the purpose of this action, any Protected Information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

In accordance with paragraph V.C. of the Order (if applicable), I have attached to this Confidentiality Agreement my curriculum vitae and any other required information.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed: _____

Dated: _____

**STIPULATED PROTECTIVE ORDER**
**CASE NO.: 2:12-cv-1403-JAD-GWF**